UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYWEE GROUP, LTD., <br><br> Plaintiff, <br><br> v. <br><br> LG ELECTRONICS, INC., et al., <br><br> Defendants. | Case No.: 3:17-cv-01102-BEN-RBB <br><br> **ORDER DENYING MOTION TO DISMISS** |

In this patent infringement action, Plaintiff CyWee Group, Ltd. ("CyWee") alleges Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc. (collectively, "Defendants" or "LG") infringed and continue to infringe on its ownership rights to U.S. Patent Nos. 8,441,438 and 8,552,978. Defendants now move to dismiss Plaintiff's First Amended Complaint. (Docket No. 49.) The motion is fully briefed. For the reasons that follow, the motion is **DENIED**.

///
///
///
///
///
///

# BACKGROUND[1]

Plaintiff Cywee is a technology company whose core development areas are motion processing, wireless high-definition video delivery, and facial tracking technology. It builds products and provides services to consumers and businesses. Cywee is the named assignee of U.S. Patent Nos. 8,441,438 ("the '438 Patent") and 8,552,978 ("the '978 Patent").[2] The '438 Patent, entitled "3D Pointing Device and Method for Compensating Movement Thereof," was issued on May 14, 2013. The '978 Patent, entitled "3D Pointing Device and Method for Compensating Rotations of the 3D Pointing Device Thereof," was issued on October 8, 2013.

Cywee alleges Defendants make, use, sell, offer to sell, and/or import into the United States products that infringe its rights to the '438 and '978 Patents, including: LG V20, LG Stylo 3, LG Stylo 3 Plus, LG G5, LG G6, LG X Mach, LG X Venture, LG X Power 2, and LG X Cam (collectively, "the Accused Products"). Cywee specifically asserts the Accused Products infringe on at least Claim 14 of the '438 Patent and Claim 10 of the '978 Patent, and generally asserts the Accused Products infringe one or more other claims of the patents-in-suit. As a result, Cywee alleges Defendants are liable for direct or indirect infringement under 35 U.S.C. § 271 and seeks enhanced damages for alleged willful infringement under 35 U.S.C. § 284. Defendants contend Cywee's FAC must be dismissed for failure to state a claim.

---

[1] The following overview of the facts are drawn from the allegations of Plaintiff's First Amended Complaint (Docket No. 45, "FAC"), which the Court assumes true for purposes of evaluating Defendants' motion. The Court is not making factual findings.

[2] The Court takes judicial notice of the information available from a public search of the United States Patent and Trademark Office ("USPTO") website regarding the patents-in-suit. *See* USPTO Website, *Abstract of U.S. Patent No. 8,441,438*, *available at* http://patft.uspto.gov/netahtml/PTO/srchnum.htm; *Abstract of U.S. Patent No. 8,552,978*, *available at* http://patft.uspto.gov/netahtml/PTO/srchnum.htm; *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take judicial notice of court filings and other matters of public record).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

"A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). While the Court must draw all reasonable inferences in the non-movant's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

To survive a motion to dismiss, the plaintiff asserting a claim for patent infringement under 35 U.S.C. § 271(a) must plausibly allege that the defendant, "without authority[,] makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a); *see also Scripps Research Inst. v. Illumina, Inc.*, No. 16-CV-661-JLS (BGS), 2017 WL 1361623, at *3 (S.D. Cal. Apr. 14, 2017) (same).

Defendants assert dismissal is appropriate because claim 14 of the '438 Patent and Claim 10 of the '978 Patent are not patentable matter as a matter of law. The Court finds Defendants' motion premature. Generally, "[d]etermination of an infringement claim involves a two-step inquiry. 'First, the claims are construed, a question of law in which the scope of the asserted claims is defined.'" *Discflo Corp. v. Am. Process Equip., Inc.*,

No. 11-CV-00476-BTM (RBB), 2011 WL 6888542, at *2 (S.D. Cal. Dec. 29, 2011) (quoting *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.,* 261 F.3d 1329, 1336 (Fed. Cir. 2001)). "Second, the claims, as construed, are compared to the accused device . . . . This is a question of fact." *Id.* "The two-step process of '[c]laim construction and infringement analysis should not be resolved on a motion to dismiss.'" *Id.* (quoting *Fujitsu Ltd. v. Belkin Intern., Inc.,* 782 F. Supp. 2d 868, 890 (N.D. Cal. 2011)).

The Court recognizes that in certain circumstances dismissal of a patent infringement action is appropriate because it is obvious from the face of the complaint that a patent's subject matter is not patentable. *Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1373 (Fed. Cir. 2016). However, the Court is not persuaded that this is such a circumstance. The FAC identifies the patents at issue, the allegedly infringing products, the claims allegedly infringed by the products, and alleges Defendants offer to sell and/or sell the allegedly infringing products. The Court finds Plaintiff has met its pleading burden. Accordingly, Defendant's motion to dismiss Plaintiff's claim for direct infringement is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 15, 2018

Hon. Roger T. Benitez
United States District Judge